IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JASON R. STEWART,
ADC #162429                                                                                      PLAINTIFF

V.                             CASE NO. 5:18-CV-130-BRW-BD

MICHAEL D. BOLEN, *et al.*                                                                DEFENDANTS

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Mr. Stewart may file written objections to this Recommendation, which should be specific and should include the factual or legal basis for the objection. To be considered, Mr. Stewart's objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Stewart risks waiving the right to appeal questions of fact.

**II.    Discussion:**

A.  Background

Jason R. Stewart, an Arkansas Department of Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Stewart alleges that Defendants Bolen, Childs, Johnson, and Cosen used excessive

force against him, and that Defendants Childs, Johnson, and Cosen failed to protect him from Defendant Bolen's attack.

Defendants have now moved for summary judgment, arguing that Mr. Stewart failed to fully exhaust his administrative remedies before filing this lawsuit. (#17) Mr. Stewart has not responded to the Defendants' motion, and the time for responding to the motion has passed. (#20)

B.  Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of

the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91.

Here, in his complaint, Mr. Stewart concedes that he did not file any grievances related to the claims raised in this lawsuit. (#2 at p.3) Mr. Stewart, however, explains that he did not exhaust his administrative remedies because he was denied access to ADC grievance forms. (*Id*. at p.4) He states that, when he was provided grievances forms and submitted them, those grievances were denied as untimely. Therefore, he was denied access to the grievance process.

Defendants attach the declaration of April Gibson, the ADC Grievance Officer, in support of their motion. (#17-2) Ms. Gibson testifies that Mr. Stewart was housed in restrictive housing from March 28, 2018 (the date that the alleged incident took place), until April 18, 2018. (*Id*. at p.4) She explains that grievance forms are available to inmates who are in restrictive housing and that officers were available to process grievances for Mr. Stewart. (*Id*. at pp.4-5) She also testifies that, during the time period at issue, the ADC grievance office received and processed forty grievances from inmates housed in the same location as Mr. Stewart. (*Id*. at p.5)

Ms. Gibson further states that Mr. Stewart did not file any grievances related to the issues raised in this lawsuit after he was released from restrictive housing. (*Id*.) She concludes that "Mr. Stewart has not filed or properly exhausted a single grievance against

specifically any of the Defendants concerning any of the issues presented in this lawsuit." (*Id*. at p.6)

Mr. Stewart has not come forward with any evidence contradicting Ms. Gibson's testimony; nor has he presented any evidence that he was denied access to the ADC grievance procedure. Without any such evidence, there is no genuine question of material fact regarding his failure to exhaust his administrative remedies. For that reason, Defendants are entitled to judgment as a matter of law.

### III.   **Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#17) be GRANTED. Mr. Stewart's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 19th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE